IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TRANSFAC CAPITAL, INC., <br><br> Plaintiff, <br> v. <br><br> MARK CELENTANO et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER CERTIFYING DEFAULT JUDGMENT AGAINST DEFENDANT CELENTANO AND ASSOCIATES, INC. AS FINAL UNDER FED. R. CIV. P. 54(b) <br><br> Case No. 2:11-cv-899 DN <br><br> District Judge David Nuffer |

Default Judgment was entered in this matter against Defendant Celentano and Associates, Inc. ("C&A") on June 5, 2013. Plaintiff Transfac Capital, Inc. has now moved the court to certify the Default Judgment as final pursuant to Fed. R. Civ. P. 54(b).[1]

Under Rule 54(b), "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."[2] Before certifying a judgment as final, the court must make two determinations: "First, the district court must determine that the order it is certifying is a final order. Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case."[3]

The Default Judgment against C&A is a final judgment. A judgment is final if "it is an ultimate disposition of an individual claim entered in the course of a multiple claims action."[4] "[A] judgment is not final unless the claims disposed of are separable from the remaining claims

---

[1] Docket no. 59, filed on June 25, 2013.

[2] Fed. R. Civ. P. 54(b).

[3] *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (internal citations omitted).

[4] *Id.*

. . . ."[5] However, "[a] *default* judgment is unrelated to the merits of the claims against the remaining defendants."[6] The Default Judgment against C&A was entered because of its failure to answer and defend this matter. The basis for the Default Judgment against C&A is thus factually distinct from judgment against any remaining defendants.[7] Accordingly, the Default Judgment is the final disposition of Transfac's claim against C&A.

Additionally, there is no just reason to delay the entry of final judgment against C&A. Allowing a judgment creditor to begin collecting on a default judgment is a sufficient justification for Rule 54(b) certification.[8] The court finds there is no just reason to delay entry of final judgment against Defendant Celentano and Associates, Inc.

## CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that the Motion for Rule 54(b) Certification (docket no. 59) is GRANTED.

IT IS FURTHER ORDERED that the Default Judgment (docket no. 57) entered against Defendant Celentano and Associates, Inc. on June 5, 2013 is CERTIFIED AS FINAL pursuant to Fed. R. Civ. P. 54(b)

Signed July 16, 2013.

BY THE COURT:

David Nuffer
United States District Judge

---

[5] *Id.* (quoting *Moore's Federal Practice* 3d § 202.06[2]).

[6] *FDIC v. Tripati*, 769 F.2d 507, 508 (8th Cir. 1985) (emphasis added).

[7] Default judgment was entered against Defendant Sandra Norton on April 12, 2012 (docket no. 34). That judgment was certified as a final judgment on February 13, 2013 (docket no. 49). Summary judgment was entered against Defendant Mark Celentano on June 27, 2013 via docket text order (docket no. 62). A memorandum decision and order are forthcoming.

[8] *Id.*