**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| TRANSFAC CAPITAL, INC., a Nevada corporation, dba TRANSFAC,<br><br>Plaintiff,<br><br>v.<br><br>MARK CELENTANO, an individual; SANDRA L. NORTON, an individual; and CELENTANO AND ASSOCIATES, INC., a Massachusetts corporation,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST MARK CELENTANO**<br><br>Case No. 2:11-cv-00899 DN<br><br>District Judge David Nuffer |

The above-entitled matter came before the court on Plaintiff Transfac Capital, Inc.'s motion for summary judgment.[1] The matter was fully briefed, and after considering the parties' arguments, the court granted Transfac's motion.[2]

**UNDISPUTED FACTS**

1. On or about December 28, 2010, TRANSFAC Capital LLC ("Capital LLC") and Central Mass Interiors, LLC ("Central Mass") entered into a Purchase and Sale Agreement (the "Agreement") under which Capital LLC purchased certain accounts receivable of Central Mass. In addition, Central Mass granted to Capital LLC under the Agreement a lien and security interest in and to certain assets described in the Agreement.

---

[1] Docket no. 28, filed March 20, 2012.

[2] Docket text order, docket no. 62, entered June 27, 2013.

2. On or about January 1, 2011, Capital LLC merged into TRANSFAC Capital, Inc. ("Transfac"), which became the owner and holder of the Agreement, the Celentano Guaranty and the Celentano and Associates, Inc. Guaranty (together, the "Guaranties"), as hereafter defined.

3. Central Mass is in default under the Agreement.

4. Capital LLC and Transfac have performed all obligations required of them under the Agreement and under each of the Guaranties.

5. Central Mass has failed to pay Capital LLC or Transfac the full amount Central Mass owes under the Agreement.

6. The amount due and owing from Central Mass under the Agreement as of April 22, 2013, totals $1,331,098.92, plus accruing fees, service charges, attorneys' fees, legal expenses, and costs.

7. Section 12 of the Agreement entitles Transfac to an award of its reasonable attorneys' fees, legal expenses, and costs incurred in enforcing its rights under the Agreement.

8. On or about January 7, 2011, for valuable consideration, Mark Celentano executed and delivered to Capital LLC a written Personal Guaranty under which Mark Celentano unconditionally and absolutely guaranteed payment of any and all liabilities and indebtedness of Central Mass then existing or thereafter arising, and of any successor entity (the "Celentano Guaranty").

9. Pursuant to the terms of the Celentano Guaranty, Mark Celentano is obligated to pay all of Central Mass's obligations due to Capital LLC, and by merger, to Transfac.

10. Pursuant to the terms of the Celentano Guaranty, Mark Celentano is obligated to pay to Capital LLC, and by merger, to Transfac, all reasonable attorneys' fees, legal expenses, and costs incurred by Capital LLC and Transfac in enforcing the Celentano Guaranty.

11. Mark Celentano has not paid Capital LLC or Transfac any portion of the $1,331,098.92 plus accruing charges, attorneys' fees and costs due as of April 22, 2013.

**CONCLUSIONS OF LAW**

Summary judgment is appropriate when there is "no genuine issue as to any material fact" and the moving party is "entitled to judgment as a matter of law."[3] Under DUCivR 56-1(c), "[a]ll material facts of record meeting the requirements of Fed. R. Civ. P. 56 that are set forth with particularity in the statement of the movant will be deemed admitted for the purpose of summary judgment, unless specifically controverted by the statement of the opposing party identifying material facts of record meeting the requirements of Fed. R. Civ. P. 56."[4]

Celentano failed to respond to the statements of fact set forth in Transfac's Memorandum and failed to address each numbered paragraph as the local rule requires. The only "evidence" presented by Celentano consists of the Celentano Affidavit, which was stricken because it was not made on personal knowledge and contained conclusory statements and hearsay.[5] Accordingly, the facts set forth in the Plaintiff's Memorandum are deemed admitted and undisputed.

Pursuant to the terms of the Celentano Guaranty, Celentano personally, unconditionally, and absolutely guaranteed payment of any and all of Central Mass's or any of its successors' liabilities and indebtedness then existing or thereafter arising. A loan guaranty creates an independent obligation to the creditor, who is not required to pursue a debtor or a debtor's collateral prior to pursuing recovery under the guaranty.[6] Because Central Mass failed to pay

[3] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[4] *See also* Fed. R. Civ. P. 56(e)(2).

[5] Docket text order, docket no. 61, entered June 27, 2013.

[6] *See Machock v. Fink*, 101 P.3d 404, 406 (Utah Ct. App. 2004), *aff'd* 137 P.3d 779 (Utah 2006); *Strevell-Paterson Co. v. Francis*, 646 P.2d 741, 743 (Utah 1982) ("[A] guarantee of payment is absolute, and the guaranteed party

Capital LLC or Transfac the amounts due under the Agreement, Celentano is liable under the Celentano Guaranty for any amounts Central Mass owes Transfac. The amount due and owing from Central Mass under the Agreement as of April 22, 2013 totals $1,331,098.92, plus accruing fees, service charges, attorneys' fees, legal expenses, and costs.

## **ORDER**

Based upon the foregoing and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff Transfac Capital, Inc.'s motion for summary judgment is granted.

IT IS FURTHER ORDERED THAT JUDGMENT shall be entered in favor of Plaintiff and against Defendant Mark Celantano in the principal amount of $1,331,098.92, as set forth in the Affidavit of Donald J. Carvelas (Dkt. no. 56), together with accruing fees, service charges, attorneys' fees, legal expenses and costs, as shall be established by affidavit.

Dated July 31, 2013.

BY THE COURT:

David Nuffer
United States District Judge

---

need not fix its losses by pursuing its remedies against the debtor or the security before proceeding directly against the guarantor.").